UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JULIO VASQUEZ, Individually and on Behalf         :   ECF
of All Other Persons Similarly Situated,          :
                                                  :   10 Civ. 8820 (LTS)(THK)
                    Plaintiffs,                   :
                                                  :
          -against-                               :
                                                  :
VITAMIN SHOPPE INDUSTRIES INC.,                   :
 and JOHN DOES #1-10,                             :
                                                  :
                    Defendants.                   :
------------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN
## SUPPORT OF MOTION
## FOR APPROVAL OF COLLECTIVE ACTION NOTICE

Dated: New York, New York
       April 4, 2011

                          LAW OFFICE OF WILLIAM COUDERT RAND
                          William Coudert Rand, Esq.
                          Attorney for Plaintiff, Individually,
                          and on Behalf of All Other Persons Similarly Situated
                          228 East 45th Street, 17th Floor
                          New York, New York 10017
                          Tel: (212) 286-1425
                          Co-counsel
                          Gottlieb & Associates
                          Jeffrey M. Gottlieb, Esq. (JG-7905)
                          Dana L. Gottlieb, Esq. (DG-6151)
                          150 East 18th Street, Suite PHR
                          New York, New York 10003
                          Tel: (212) 228-9795

## TABLE OF CONTENTS

|     |     | Page |
|-----|-----|------|
| PRELIMINARY STATEMENT……………………………………….  | | 1 |
| I.  | INTRODUCTION…………………………………………….. | 1 |
| II. | ARGUMENT…………………………………………………….. | 2 |
|     | A.  Collective Actions under the FLSA…………………… | 2 |
|     | B.  The Factual Nexus is Established in this Case………… | 4 |
|     | C.  The Collective Action Notice…………………………. | 8 |
|     | D.  Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs…………… | 9 |
| III. | CONCLUSION………………………………………………... | 11 |

# TABLE OF AUTHORITIES

CASES                                                                                                   Page

Atkins v. General Motors Corp.,
    701 F.2d 1124 (5th Cir. 1983)……………………………………………   10

Bonilla v. Las Vegas Cigar Co.,
    61 F. Supp. 2d 1129 (D. Nev. 1999)………………………………………….   9

Braunstein v. Eastern Photographic Laboratories, Inc.
    600 F. 2d 335 (2d Cir. 1979)………………………………………………….   8

Cook v. United States,
    109 F.R.D. 81 (E.D.N.Y. 1985)……………………………………………….   10

Does I thru XXIII v. Advanced Textile Corp.,
    214 F.3d 1058 (9th Cir. 2000)………………………………………….....   10

Gjurovich v. Emmanuel's Marketplace, Inc.,
    282 F. Supp. 2d 101 (S.D.N.Y. 2003)…………………………………………   3, 8-9

Hoffman v. Sbarro, Inc.,
    982 F. Supp. 249 (S.D.N.Y. 1997)..………………………………......……   3, 8-10

Hoffman-La Roche, Inc. v. Sperling,
    493 U.S. 165 (1989)……………………………………………………………   8-10

Partlow v. Jewish Orphans' Home of Southern Cal., Inc.,
    645 F.2d 757 (9th Cir. 1981)………………………………………………….   9

Schwed v. General Electric Co.,
    159 F.R.D. 373 (N.D.N.Y. 1995)……………………………………………..   3

Trinidad v. Breakaway Courier Systems, Inc.,
    2007 WL 103073 (January 12, 2007 S.D.N.Y)………………………..   8

STATUTES

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")………………   Passim

Fed. R. Civ. P. Rule 23………………………………………………………………   4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JULIO VASQUEZ, Individually and on Behalf  : ECF
of All Other Persons Similarly Situated,   :
                                           : 10 Civ. 8820 (LTS)(THK)
                           Plaintiffs,     :
                                           :
         -against-                         :
                                           :
VITAMIN SHOPPE INDUSTRIES INC.,            :
 and JOHN DOES #1-10,                      :
                                           :
                           Defendants.     :
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff, on behalf of himself and on behalf of each and all other persons similarly situated, by his attorneys, submits this memorandum of law in support of his Motion for Approval of Collective Action Notice (hereafter, the "Motion").

## I.   INTRODUCTION

In this action, among other claims for relief, Plaintiff seeks to recover unpaid overtime compensation on behalf of himself and other similarly situated employees of Defendant, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff now moves the Court to enter an Order permitting this action to proceed as a collective action, requiring Defendant to disclose the names and last-known addresses of current and former employees who are potential plaintiffs, and to approve the form, content and distribution of Plaintiff's proposed "Notice of Lawsuit and Opportunity to Join" and "Consent to Become Party Plaintiff" (attached as Exhibit A and B, respectively, to the Declaration of William C. Rand, Esq. filed herewith), ensuring that

1

potential plaintiffs will be advised of the pendency of this action and their right to "opt in" to this case pursuant to FLSA § 216(b).

The Named Plaintiff was employed by Defendant as a clerk with the title "Store Manager". While employed by the Defendant, Plaintiff and at least 400 other employees were improperly classified as employees "exempt" from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law §§ et seq. As a result of the improper classification, the employees were, and continue to be, denied appropriate compensation for the hundreds of hours of overtime they work and have worked.

Accordingly, the plaintiff collective action class consists of (1) all persons who are or were employed by Defendant as employees with the title "Store Manager" at any time since November 22, 2007, to the entry of judgment in this case, (2) who were not paid overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. All such individuals should receive notice and the opportunity to opt-in to this case if they worked in excess of forty (40) hours per week but were not compensated at the rate of time and one-half.

## II.  ARGUMENT

### A.  Collective Actions under the FLSA

The FLSA expressly permits the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of minimum wage and overtime compensation. FLSA § 216(b) provides in pertinent part as follows:

> Any employer who violates the provisions of section 206 [requiring payment of minimum wage] or section 207 [requiring payment of overtime compensation for hours worked in excess of 40 per week] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

In order to maintain a collective action under FLSA § 216(b), the named plaintiff must demonstrate that other, potential plaintiffs are "similarly situated." Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) .  This requirement is satisfied if the named plaintiff demonstrates the existence of a "factual nexus between the [named plaintiff's] situation and the situation of the other current and former [employees]."  Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997).  Specifically, the named plaintiff need only make a "modest factual showing sufficient to demonstrate the [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." Sbarro, at 261; see also Gjurovich, 282 F. Supp. 2d at 104.  The named plaintiff is not required to prove that potential plaintiffs shared identical positions or performed identical work. Schwed v. General Electric Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995). "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" Sbarro, 982 F. Supp. at 261.

As demonstrated by the foregoing authority, collective actions under the FLSA are materially different from class actions under Fed. R. Civ. P. 23.  Rule 23 requires the

3

proponent of the class action to demonstrate the existence of several factual circumstances, including numerosity of the proposed class, common questions of law or fact, typicality of claims or defenses, and adequate and fair protection of the interests of the class by the representative parties.  Fed. R. Civ. P. 23.  These circumstances are simply not applicable to collective actions under the FLSA, which requires the named plaintiff to show only that potential plaintiffs likely exist.  As discussed below, the declaration by Plaintiff submitted herewith clearly and sufficiently makes the requisite showing in this case.

### B.    The Factual Nexus is Established in this Case

The declaration of the named plaintiff, Julio Vasquez ("the Named Plaintiff"), filed contemporaneously herewith, demonstrates that Defendants adopted and adhered to a policy effectively requiring their employees to work in excess of 40 hours per week without paying overtime compensation at the rate of time and one-half, in violation of FLSA § 207.  *See* Declaration of the Named Plaintiff Julio Vasquez filed in support of the motion.

Plaintiff's declaration demonstrates that Plaintiff and other similarly situated employees worked as clerks with the title "Store Manager" and that Plaintiff and other similarly situated employees worked more than 40 hours per week and were not paid one and one half times their regular wage rate for the hours worked over forty in a week.

Plaintiff worked for Vitamin Shoppe Industries Inc., and John Does #1-10 ("Defendant") from about April/May 2001 until about August 10, 2009, with the exception of about a one year period between 2004 and 2005. Plaintiff was promoted to

4

Store Manager at the Vitamin Shoppe store at 181st Street in Washington Heights, Manhattan, in about June 2008 and worked as a Store Manager for Defendant at the Vitamin Shoppe store at 181st Street in Washington Heights, Manhattan from June 2008 until about August 10, 2009 ("the time period"). During the time period, all Store Managers employed by Vitamin Shoppe, including Plaintiff, were paid a salary and were not paid time and on half for their hours worked over forty in a week. *Id.*

During the time period the Named Plaintiff worked at least 45 hours each week and usually worked 55 to 58 hours each week, excluding his daily half hour meal break. During the time period, the District Manager provided the total weekly hours to be worked for the employees at each store including the Store Manager, the Assistant Store Manager and the Sales Associates. The District Manager also provided each store with a budget for cleaning supplies. *Id.*

Most Vitamin Shoppe stores were open from 9:00 am to 8:00 pm. Plaintiff arrived at the Vitamin Shoppe store at 7:00 a.m. to open the store and receive shipments and was required to be at the store a minimum of 2 hours before the store opened. Plaintiff arrived at the store at about 7:00 a.m. and promptly performed the following tasks among others: opening the gate; turning off the alarm; opening the registers; counting money to put into the 2 registers; counting the money in the safe; checking the computer to confirm that the computer transmitted the automatic daily sales reports; inspecting the store to confirm that the store is clean; cleaning the store if it is not clean; cleaning the sidewalk if necessary; shoveling snow if necessary; cleaning the product refrigerator if necessary; checking emails from the District Manager for specific instructions; and stocking newly received product onto the shelves. Plaintiff also put out shipments and counted deliveries

5

and entered that information into the computer. During the time period, Plaintiff and the other employees performed partial inventory cycle counts, which required using a scanner and a sheet printed out from the computer, which resulted in the computer automatically ordering inventory. *Id.*

Plaintiff and the other employees also physically checked for inventory shortages and did a physical inventory to check the computer results. Plaintiff's job responsibilities included, among others, stocking shelves, opening and closing the store, security, responding to customer complaints, assigning clerks to cash register or floor, and responding to cashier's requests to approve the voiding of charges and returns. From 7:00 a.m. to 10:00 a.m. Plaintiff was at the store alone and operated the store by himself with no other employees to assist him. During the time period, the Sales Associates and Assistant Store Manager generally arrived at the store around 10:00 a.m. When the Sales Associates and Assistant Store Manager arrived, they then worked with Plaintiff to operate the store, performing all of the same functions except that Plaintiff also checked the emails. *Id.*

The Sales Associates and Assistant Store Manager worked a varied schedule. During the time period, Plaintiff did assign schedules to the Sales Associates and Assistant Manager, subject to the approval of the District Manager. During the time period, Plaintiff created a weekly schedule for the total amount of weekly hours, which the District Manager allocated to the store, which was 183 hours initially and was then reduced to 164.5 hours. Plaintiff worked many more hours than the hours he listed as his schedule because Plaintiff had to reduce his scheduled hours to conform to the District Manager's limit on the total hours permitted in the schedule.  These schedules were

6

emailed to the District Manager for his approval. During the time period, Plaintiff did not hire or fire any employees. The total weekly hours permitted to be scheduled and the hiring and firing decisions were determined by the District Manager. During the time period, Plaintiff spent at least 80% of his time stocking shelves, performing cashier duties and assisting customers to find products and responding to customer inquiries. Plaintiff worked 45 to 58 hours per week and was paid an annual salary of about $40,000. Plaintiff's work schedule changed periodically and was based upon the total amount of weekly hours that the District Manager allocated to his store. During the time period, Plaintiff and the other Store Managers clocked in using a computerized system, but pursuant to Vitamin Shoppe policy, they did not clock out at the end of the day. During the time period, Defendant did not pay Plaintiff time and one half for all of his hours worked over 40 in a week ("overtime"). *Id.*

Defendant hired other individuals like the Named Plaintiff with the title of Store Managers, who also were not acting as managers and did not have the right to hire and fire and also were not paid time and one half for all of their overtime. Upon information and belief, Plaintiff worked for Defendant with at least 400 other similar clerk employees with the title of "Store Manager" ("SM Clerks") who had duties similar to himself. Plaintiff's duties and the duties of the other SM Clerks did not include managerial responsibilities or the exercise of independent business judgment. In addition to Plaintiff, during the time period, other persons employed by Defendant as SM Clerks performed the same or similar work as Plaintiff. Upon information and belief, Defendant hired at least 400 of such similar employees. Plaintiff and the other similar SM Clerk employees regularly worked more than 40 hours per week for Defendant. Plaintiff and these other

similar SM Clerk employees worked more than 40 hours per week and were not paid time and one half for our overtime hours. Plaintiff repeatedly complained to his supervisor Joel Nunez, about not being paid time and one half for overtime. Nunez told Plaintiff that Defendant did not pay overtime to Store Managers and that Vasquez should be happy with the salary Vasquez was being paid. Throughout the time period, and, upon information and belief, through the present, Defendant has likewise employed other individuals, like Plaintiff, in positions as SM Clerks. Such individuals have worked in excess of 40 hours per week, yet the Defendant has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate for all their overtime hours worked. *Id.*

Accordingly, the Named Plaintiff has demonstrated that numerous other similar employees were not paid overtime at a rate of time and one half as part of a common, illegal policy of the Defendants.

### C.    The Collective Action Notice

FLSA § 216(b) has no specific provision for issuing notice to prospective plaintiffs in collective actions. However, it is well established that district courts have the power to send such a notice to potential plaintiffs. E.g., Braunstein v. Eastern Photographic Laboratories, Inc. 600 F. 2d 335, 335-36 (2d Cir. 1979); Sbarro, 982 F. Supp. at 261(citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Gjurovich, 282 F. Supp. 2d at 104; Trinidad v. Breakaway Courier Systems, Inc., 2007 WL 103073 (January 12, 2007 S.D.N.Y) (Judge Sweet). It is important to note that, in issuing a notice to potential plaintiffs, the Court does not adjudicate the merits of the claims of

either the named or potential plaintiffs, or determine that the potential plaintiffs are in fact similarly situated with the named plaintiff. As Magistrate Judge Lisa Margaret Smith of the Southern District in Westchester County noted:

> Here, I determine only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs. I am not determining that those being notified "are, in fact, similarly situated" to Plaintiff, and I make no determination regarding the legal rights and responsibilities of the parties. . . . Again, Plaintiff's burden for proving that he is similarly situated to these potential plaintiffs is minimal for this preliminary determination-a determination that can be modified or reversed after discovery is complete.

Gjurovich, 282 F.2d at 105 (citations omitted)

Plaintiff separately submits herewith a proposed Notice of Lawsuit and Opportunity to Join. This notice comports to the specific requirements exhaustively enumerated by Judge Smith in Gjurovich. Supra, at 106-109.

### D. Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs

Only Defendants know the names and addresses of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require Defendants to disclose that information so that Plaintiff's counsel can circulate the Notice of Lawsuit and Opportunity to Join. Hoffman-La Roche, Inc. v. Sperling, 110 S. Ct. 482, 486 (1989). In addition, Defendants should be ordered to provide this information in both paper and digital format to expedite the distribution of the notices, and the proposed Order submitted herewith so provides.

Plaintiff's motion for permission to authorize notice to potential class members is critical because the statute of limitations for claims brought under the Fair Labor

Standards Act may not be tolled for a particular plaintiff until he or she files with this Court a "Consent to Join" form.  Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999); Partlow v. Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981) ("It is true that the FLSA statute of limitations continues to run until a valid consent is filed."); Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, (9th Cir. 2000); Sbarro, 982 F. Supp. at 262; 29 U.S.C. § 216(b).  The implication of the continued running of the statute of limitations is obvious: each day that passes before notice is given causes prejudice to the absent plaintiffs.  The statute of limitations demonstrates not only the need for the distribution of notice to purported class members, but the expediency in which the distribution must occur.

Plaintiff is not requesting unusual or extraordinary relief, but is requesting relief clearly within the discretion of this Court.  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989).  The United States Supreme Court recognized the need for notice in actions like this and also approved Court intervention and authorization of notice, stating:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time. . . .  The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

Hoffmann-La Roche, 493 U.S. at 171-172 (1989); Sbarro, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); Cook v. United States, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("certainly, it is unlikely that Congress,

having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")

## III. CONCLUSION

Plaintiff has shown by his declaration that he is similarly situated with other former and current employees of Defendants. Accordingly, Defendants should be required to provide the names and addresses of clerks with the title "Store Manager" they employed within three years preceding the filing of the Complaint, so that notice of this action may be communicated to them. For the foregoing reasons, Plaintiff respectfully requests that Plaintiff's Motion be granted.

Dated: New York, New York
       April 4, 2011

LAW OFFICE OF WILLIAM COUDERT RAND

S/William C. Rand

William Coudert Rand, Esq. (WR-7685)
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly Situated
228 East 45th Street, 17th Floor
New York, New York 10017
Tel: (212) 286-1425

Co-counsel
Gottlieb & Associates
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795