UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JULIO VASQUEZ, Individually and on Behalf      :   ECF
of All Other Persons Similarly Situated,                     :
                                                                              :   10 Civ. 8820 (LTS)(THK)
                                         Plaintiffs,              :
                                                                              :
        -against-                                                    :
                                                                              :
VITAMIN SHOPPE INDUSTRIES INC.,              :
 and JOHN DOES #1-10,                                      :
                                                                              :
                                         Defendants.          :
------------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW OF PLAINTIFF IN SUPPORT OF MOTION FOR APPROVAL OF COLLECTIVE ACTION NOTICE

Dated: New York, New York
            May 18, 2011

                                                LAW OFFICE OF WILLIAM COUDERT RAND
                                                William Coudert Rand, Esq.
                                                Attorney for Plaintiff, Individually,
                                                and on Behalf of All Other Persons Similarly Situated
                                                228 East 45th Street, 17th Floor
                                                New York, New York 10017
                                                Tel: (212) 286-1425
                                                Co-counsel
                                                Gottlieb & Associates
                                                Jeffrey M. Gottlieb, Esq. (JG-7905)
                                                Dana L. Gottlieb, Esq. (DG-6151)
                                                150 East 18th Street, Suite PHR
                                                New York, New York 10003
                                                Tel: (212) 228-9795

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT……………………………………………………….1

ARGUMENT

I. AT THE PRE-DISCOVERY, INITIAL STAGE OF THE TWO-STAGE NOTICE CERTIFICATION REVIEW, PLAINTIFF'S MOTION FOR COLLECTIVE ACTION CERTIFICATION WARRANTS ONLY A MODEST, MIMIMAL FACTUAL SHOWING AND LENIENT REVIEW…….1

II. FACT INTENSIVE INQUIRY IS NOT APPROPRIATE AT THE INITIAL PRE-DISCOVERY NOTICE STAGE……………………………………….3

III. DEFENDANT HAS IMPROPERLY AND PREMATURELY ARGUED THE MERITS PRIOR TO DISCOVERY HAVING COMMENCED…………………3

IV. INITIAL STAGE CERTIFICATION IS NECESSARY TO PREVENT THE RUNNING OF THE STATUTE OF LIMITATIONS AGAINST POTENTIAL OPT-IN PLAINTIFFS…………………………………………………………….4

V. AFTER DISCOVERY IS COMPLETED, A COURT PERFORMS THE SECOND STAGE OF REVIEW AND MAY DECERTIFY THE COLLECTIVE ACTION IF THE EVIDENCE SHOWS THAT THE PLAINTIFF IS NOT SIMILAR TO THE OTHER STORE MANAGERS………4

VI. PLAINTIFF HAS MET HIS REQUIRED MODEST, MINIMAL SHOWING THAT HE AND SIMILAR STORE MANAGERS WERE THE VICTIMS OF A COMPANY WIDE POLICY TO DENY OVERTIME PREMIUM PAY TO STORE MANAGERS…………………………………………………...5

    A.    Plaintiffs' Declarations show that he and other Store Managers performed predominantly clerk tasks, which included among others: operating cash registers, counting money, inspecting and cleaning the store, shoveling snow and cleaning sidewalks, stocking inventory onto shelves, performing inventory counts using a scanner which automatically ordered additional inventory, receiving inventory deliveries, greeting and advising customers, and responding to customer complaints….…………………...5

    B.    Numerous Courts Have Certified a Collective Action of Misclassified Managers………………………………………………………………..7

    C.    Courts have Certified a Collective Action based on the Declaration of a Single Plaintiff……………………………………………………..7

|   |   |   |
|---|---|---|
| | D. | The Fact that Defendant Has Submitted Declarations Creating Issues of Fact Does Not Preclude Collective Action Certification………..7 |
| | E. | Defendant's Declarations Show that Other "Store Managers" also Performed Predominantly Clerk Tasks…..………………………………..8 |
| VII. | AT A MINIMUM A COLLECTIVE ACTION SHOULD BE CERTIFIED AS TO ALL "STORE MANAGER" EMPLOYEES IN NEW YORK STATE….8 | |
| VIII. | IF COLLECTIVE ACTION CERTIFICATION IS NOT GRANTED, THE COURT SHOULD PERMIT A RENEWED MOTION AFTER THE COMPLETION OF DISCOVERY…………………………………………….9 | |
| IX. | DEFENDANT'S CONTENTION THAT A COLLECTIVE ACTION IS UNMANAGEABLE OR INEFFECIENT LACKS MERIT……………………...9 | |
| X. | CONCLUSION……………………………………………………………...10 | |

**PRELIMINARY STATEMENT**

The Case law is clear that where employees with a title of "Manager" perform predominantly clerk services, the employees are not exempt from the Fair Labor Standards Act ("FLSA") and are entitled to premium pay for overtime. *Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 60202 (S.D.N.Y. June 16, 2010). Here, the Vitamin Shoppe Store Managers in fact worked on the sales floor with the Assistant Store Managers and Sales Associates and performed predominantly the same store clerk functions such as taking care of customers, ringing up customer purchases at the register and stocking inventory.

Collective action certification is a two stage process. At the initial pre-discovery stage, the Plaintiff is required to make a "minimal", "modest" showing that he and other Store Managers were victims of a common policy that violated the FLSA. Here, Plaintiff has made the required "modest" showing by providing detailed declarations that specifically show that Plaintiff has direct knowledge that FLSA violations took place on a regular basis in at least 7 Vitamin Shoppe stores in New York City. In addition, Defendant's declarations indicate that the violations also extended to Store Managers in stores across the United States. Accordingly, collective certification should be granted.

**ARGUMENT**

**I. AT THE PRE-DISCOVERY, INITIAL STAGE OF THE TWO-STAGE NOTICE CERTIFICATION REVIEW, PLAINTIFF'S MOTION FOR COLLECTIVE ACTION CERTIFICATION WARRANTS ONLY A MODEST, MIMIMAL FACTUAL SHOWING AND LENIENT REVIEW**

Courts engage in a two-step analysis when determining whether to certify a claim as a collective action under the FLSA. *Cruz v. Hook-SuperX, LLC*, 2010 U.S. Dist. Lexis 81021 at *6 (S.D.N.Y. August 5, 2010) (Judge Paul A. Crotty); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006). The FLSA allows employees to sue on

1

behalf of themselves and those employees who are "similarly-situated." *Damassia v. Duane Reade, Inc.*, 2006 U.S. Dist. LEXIS 73090 at *2 (S.D.N.Y. Oct. 5, 2006). In the first stage of analysis, plaintiffs must establish that other employees are "similarly-situated." *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). This burden is minimal. *Lee*, 236 F.R.D. at 197. A modest factual showing is sufficient to demonstrate that plaintiffs and potential plaintiffs were victims of a common policy or plan that violated the law. *Realite*, 7 F. Supp. 2d at 306. *Indergit v. Rite Aid Corp.*, 2010 U.S. Dist Lexis, at *31 (S.D.N.Y. June 16, 2010) ("The question at this early stage is only whether, applying a 'lenient' standard, the court is satisfied that plaintiffs through their allegations, affidavits, and other evidence have met their 'minimal' burden of demonstrating entitlement to a 'preliminary' determination that they are similarly, even if not identically, situated with respect to their FLSA claims."). Courts look at pleadings and affidavits in making this determination. *Lee*, 236 F.R.D. at 197. In the second stage of analysis, following discovery, courts examine the record and make a factual finding regarding the similarly-situated requirement. *Id.* If a court then determines that the plaintiffs are not similarly-situated, the class is decertified. *Id.*

Here Plaintiff is seeking a first step, pre-discovery certification of the action as a collective action. Plaintiff has satisfied his obligation to make a modest, minimal showing that he is similarly situated to other Store Managers and that the Store Managers were all victims of a common policy to designate them as exempt form the FLSA and to refuse to pay them overtime for their hours worked over forty in a workweek in violation of the FLSA.

2

## II. FACT INTENSIVE INQUIRY IS NOT APPROPRIATE AT THE INITIAL PRE-DISCOVERY NOTICE STAGE

Defendant argues that variances in Store Manager job duties demonstrate that the Store Managers are not similarly-situated, defeating collective action certification. "A fact-intensive inquiry, however, is inappropriate at the notice stage." *See Cruz v. Hook-SupeRx, L.L.C.,* 2010 U.S. Dist. LEXIS 81021, at *11-12 (S.D.N.Y. August 5, 2010) (Judge Paul A. Crotty); *See Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 60202 at *4 (S.D.N.Y. June 16, 2010) (Judge Paul G. Gardephe) (granting FLSA plaintiffs' motion for nationwide court-authorized notice to approximately 8,400 Rite Aid store managers); *Craig v. Rite Aid Corp.*, 2009 U.S. Dist. LEXIS 114785, at *11-12 (M.D. Pa. Dec. 9, 2009) (finding affidavit evidence sufficient to support conditional nationwide collective action certification in FLSA ASM misclassification case); *Stillman v. Staples, Inc.*, 2008 U.S. Dist. LEXIS 32853, at *4-5 (D. N.J. Apr. 22, 2008) (granting conditional certification in FLSA misclassification action based on allegations, deposition transcripts, affidavits, and declarations coupled with defendants' concessions regarding company-wide uniform job-description practices); *Chowdhury v. Duane Reade, Inc.*, 2007 U.S. Dist. LEXIS 73853, at *3-6 (S.D.N.Y. Oct. 2, 2007) (granting conditional certification in FLSA misclassification action based on allegations, affidavits, and additional evidence coupled with defendants' concessions regarding company-wide uniform business practices); *Damassia*, 2006 U.S. Dist. LEXIS 73090, at *4-8 (same).

## III. DEFENDANT HAS IMPROPERLY AND PREMATURELY ARGUED THE MERITS PRIOR TO DISCOVERY HAVING COMMENCED

Defendant has improperly and prematurely argued the merits prior to discovery. "A court need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized

3

notice." *Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 60202  at *14 (S.D.N.Y. June 16, 2010) (quoting *Damassia*, 2006 U.S. Dist. LEXIS 73090, at *10) (citing *Scholtisek*, 229 F.R.D. at 391; *Gjurovich*, 282 F. Supp. 2d at 105; *Hoffmann*, 982 F. Supp. at 262); *see also Davis v. Abercrombie & Fitch Co.*, 2008 U.S. Dist. LEXIS 86577, at *27-28 (S.D.N.Y. Oct. 22, 2008) (noting that at the stage of evaluating whether court-authorized notice is appropriate, "the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations.") (citing *Lynch*, 491 F.Supp.2d at 368-69); *Francis v. A&E Stores, Inc.*, 2008 U.S. Dist. LEXIS 83369, at *6 (S.D.N.Y. Oct. 15, 2008).

IV.   **INITIAL STAGE CERTIFICATION IS NECESSARY TO PREVENT THE RUNNING OF THE STATUTE OF LIMITATIONS AGAINST POTENTIAL OPT-IN PLAINTIFFS**

Because the statute of limitations may be running against the potential opt-in plaintiffs until they actually file their consents to join as party plaintiffs, it is necessary that the notice be approved and delivered without undue delay to prevent unfair prejudice to the potential opt-in plaintiffs.  See Moving Brief at Section II (D).

V.   **AFTER DISCOVERY IS COMPLETED, A COURT PERFORMS THE SECOND STAGE OF REVIEW AND MAY DECERTIFY THE COLLECTIVE ACTION IF THE EVIDENCE SHOWS THAT THE PLAINTIFF IS NOT SIMILAR TO THE OTHER STORE MANAGERS**

After the opt-in period and discovery has closed, courts in the Southern District of New York conduct a more searching analysis based upon a more developed factual record to determine whether the opt-in plaintiffs are, in fact, similarly situated.  *Pefanis v. Westway Diner, Inc.*, 2010 U.S. dist. LEXIS 93180 at * 10-11 (S.D.N.Y. Sept. 7, 2010); See, e.g., *Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 60202  at *4 (S.D.N.Y. June 16, 2010); *Damassia,* 2006 U.S. Dist. LEXIS 73090 at *3. All that is required at the second stage is a persuasive showing that the original and opt-in plaintiffs were common

4

victims of a FLSA violation pursuant to a systematically-applied company policy or practice such that there exist common questions of law and fact that justify representational litigation. *Id.*

In the second stage after discovery is completed, "if the factual record reveals that the opt-in plaintiffs are not similarly situated to the original plaintiffs, then the case may be divided, if appropriate, into sub-groups. *Realite*, 7 F. Supp. 2d at 308, [or] [a]lternatively, the claims of the opt-in plaintiffs may be dismissed without prejudice and the action proceed for the original plaintiffs alone, but not as a collective action. *Id.*; *Indergit*, 2010 U.S. Dist. LEXIS 60202, at*4; *Damassia*, 2006 U.S. Dist. LEXIS 73090, 2006 WL 2853971, at *3. 5.

Thus, here, certification will result in no prejudice to Defendant because if discovery demonstrates that Plaintiff is not similar to other Store Managers, then the Court can decertify the case.

## VI. PLAINTIFF HAS MET HIS REQUIRED MODEST, MINIMAL SHOWING THAT HE AND SIMILAR STORE MANAGERS WERE THE VICTIMS OF A COMPANY WIDE POLICY TO DENY OVERTIME PREMIUM PAY TO STORE MANAGERS

### A. Plaintiffs' Declarations show that he and other Store Managers performed predominantly clerk tasks, which included among others: operating cash registers, counting money, inspecting and cleaning the store, shoveling snow and cleaning sidewalks, stocking inventory onto shelves, performing inventory counts using a scanner which automatically ordered additional inventory, receiving inventory deliveries, greeting and advising customers, and responding to customer complaints

Plaintiff's moving Declaration and Reply Declaration specifically show that the Managers in numerous Vitamin Shoppe stores were predominantly performing clerk services similar to the Assistant Managers and Sales Associates and were victims of a company wide policy to deny Managers overtime wages under the FLSA. *See* Plaintiff's

5

Declaration and Reply Declaration.  Plaintiff has specifically asserted in his declarations that the Managers in following stores had no right to hire or fire and did predominantly clerk services and were therefore misclassified as exempt under the FLSA:

(a) 20-86 Broadway, New York, New York, 10023 ("20-86 Broadway Store");

(b) 57th Street and Lexington, New York, New York (57th Street Store");

(c) 32 Court Street, Brooklyn, New York 11201 ("32 Court Street Store");

(d) 651 West 181 Street, New York, N.Y. 10033 ("181st Street Store");

(e) 215 West 92nd Street, New York, N.Y. 10025 (the "92nd Street Store");

(f) 2261 Broadway, New York, N.Y. 10024 ("2261 Broadway Store"); and

(g) 56th Street and Lexington Avenue, New York, New York (the "56th Street Store").

See Plaintiff's Reply Declaration at Paragraphs 9-25.

Furthermore, Defendant's Store Manager Job Description (attached as Exh. D to Defendant's Opposition Brief) specifically lacks any statement indicating that Store Managers had a right to hire or fire employees and demonstrates that the Manager position was treated similarly on a companywide basis.  *See Indergit*, 2010 U.S. Dist Lexis 60202 at *18 (company wide manager job description indicates that Manager job treated by similar policy across the nation); *Stillman v. Staples, Inc.*, 2008 U.S. Dist. Lexis 32853 at *28 (D. N.J. April 22, 2008) (national class as managers "operated under same job description" and "received the same training and had the same duties and responsibilities throughout the company" and also were subject to the same compensation policies).  Here, the Vitamin Shoppe Managers also operated under a common job description, had similar duties and received similar training and compensation.

6

### B. Numerous Courts Have Certified a Collective Action of Misclassified Managers

Numerous courts have certified a collective action of misclassified store managers. See *Indergit v. Rite Aid Corp.*, 2010 U.S. dist. Lexis 60202 (S.D.N.Y. June 15, 2010) (certifying collective action of Rite Aid store managers who claimed they performed clerk services and thus were entitled to overtime under the FLSA); *Stillman v. Staples, Inc.*, 2008 U.S. Dist. Lexis 32853 (D. N.J. April 22, 2008) (certifying collective action of Staples "Sales Managers"); *Cruz v. Hook-SuperX, LLC*, 2010 U.S. Dist. Lexis 81021 at *6 (S.D.N.Y. August 5, 2010) (certifying collective action of assistant store managers at CVS drug stores).

### C. Courts have Certified a Collective Action based on the Declaration of a Single Plaintiff

Courts have certified large collective actions based on the declaration of a single plaintiff. See *Gani v. Guardian Serv. Indus.*, 2011 U.S. Dist. LEXIS 4353 (S.D.N.Y. January 13, 2011) (certifying notice to thousands of cleaning employees based on single plaintiff's declaration); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) (granting conditional certification where Plaintiff by his single declaration identified other employees who "may not" have received overtime compensation); *Anglada v. Linens 'n Things, Inc.*, 2007 U.S. Dist. LEXIS 39105, (S.D.N.Y. April 26, 2007) (granting collective action certification to Manager employees based on single declaration of Plaintiff).

### D. The Fact that Defendant Has Submitted Declarations Creating Issues of Fact Does Not Preclude Collective Action Certification

The fact that a defendant submits competing declarations will not as a general rule preclude conditional certification. See *Hipp v. National Liberty Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (explaining that plaintiffs may meet lenient standard "'by

7

making substantial allegations of class-wide discrimination supported by affidavits which successfully engage defendants' affidavits to the contrary'") (emphasis added). Competing declarations simply create a "he-said-she-said situation"; while "[i]t may be true that the [defendant's] evidence will later negate [the plaintiff's] claims, that should not bar conditional certification at the first stage." *Escobar v. Whiteside Constr. Corp.*, 2008 U.S. Dist. LEXIS 68439, at *12 (N.D. Cal. Aug. 21, 2008); *See Harris v. Vector Mktg. Corp.,* 716 F. Supp. 2d 835 (N.D. Cal. 2010).

### E.  Defendants' Declarations Show that Other "Store Managers" Also Performed Predominantly Clerk Tasks

Yesenia Orengo, an Assistant Store Manager who worked for Plaintiff Julio Vasquez has admitted that "Vasquez would assist the staff with their tasks in the store." See Defendant's Brief at Exh. H at ¶ 20.  Furthermore, none of the Declarations submitted by Defendant indicate that Store Managers did not perform any clerk duties and none indicate what percentage of their work consisted of clerk duties.  Moreover, the Declarations submitted by Defendant are all from employees who are currently working for Defendant and therefore their statements lack credibility.

## VII.  AT A MINIMUM A COLLECTIVE ACTION SHOULD BE CERTIFIED AS TO ALL "STORE MANAGER" EMPLOYEES IN NEW YORK STATE

At a minimum, the evidence shows clearly that Defendant's Store Managers in New York State were misclassified as exempt under the FLSA.  Plaintiff in his declarations has shown by specific details that numerous Store Managers in New York State were misclassified and subject to a common illegal policy.  See Plaintiff's Declarations.

VIII.   **IF COLLECTIVE ACTION CERTIFICATION IS NOT GRANTED, THE COURT SHOULD PERMIT A RENEWED MOTION AFTER THE COMPLETION OF DISCOVERY**

If collective action is not granted at this time, the Court should permit a renewed motion after discovery has been taken.

IX.   **DEFENDANT'S CONTENTION THAT A COLLECTIVE ACTION IS UNMANAGEABLE OR INEFFECIENT LACKS MERIT**

The fact that a manager misclassification suit may require the determination of manager's daily tasks does not prevent the action from being amenable to collective action treatment. *Indergit*, 2010 U.S. Dist. Lexis 60202 at *32-33 (rejecting argument that individual issues regarding duties prevented case from being more efficient as a collective action). Defendant's argument ignores the purposes of the FLSA.

The FLSA envisions a collective action process in which claims of similarly situated workers are adjudicated collectively rather than individually. *See, e.g., Hoffman La Roche Inc. v. Sperling,* 493 U.S. 165, (1989) (noting that the purpose of a collective action is to "allow [] ... plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources"). If this Court were to credit Defendant's argument, no FLSA action that is premised upon an alleged misclassification under the executive exemption could be resolved through the collective action process, thereby defeating the stated purpose of the FLSA and wasting judicial resources by requiring courts to consider each individual plaintiff's claims  [*33] in a separate lawsuit. *See Nerland v. Caribou Coffee Co., 564 F. Supp. 2d 1010, 1025-26 (D. Minn. 2007)* (Report & Recommendation adopted by District Court) ("[T]he effect of a court order directing the decertification of the conditional class in this case would be a dismissal of all of the opt-in plaintiffs without prejudice, placing each opt-in plaintiff back at square one, without the benefit of pooled resources, and presenting the Court with almost three hundred separate lawsuits to

9

resolve the same question of whether Caribou's exemption classification of all of its store managers was proper. This result contravenes the policy behind collective actions under *section 216(b)* of the FLSA. . . ." The Court concludes that a requirement that each plaintiff prove his or her claim of misclassification individually would waste more judicial time and resources than trying plaintiffs' cases individually would preserve. *Id.*

X.     CONCLUSION

Plaintiff has shown by his declarations that he is similarly situated with other former and current employees of Defendant. Accordingly, Plaintiff's motion for collective action certification should be granted.

Dated: New York, New York
        May 18, 2011

                               LAW OFFICE OF WILLIAM COUDERT RAND

                               S/William C. Rand
                               _____
                               William Coudert Rand, Esq. (WR-7685)
                               Attorney for Plaintiff, Individually,
                               and on Behalf of All Other Persons Similarly Situated
                               228 East 45th Street, 17th Floor
                               New York, New York 10017
                               Tel: (212) 286-1425

                               Co-counsel
                               Gottlieb & Associates
                               Jeffrey M. Gottlieb, Esq. (JG-7905)
                               Dana L. Gottlieb, Esq. (DG-6151)
                               150 East 18th Street, Suite PHR
                               New York, New York 10003
                               Tel: (212) 228-9795