UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JULIO VASQUEZ, on behalf of himself and
all others similarly situated,

        Plaintiff,

-v-                                              No. 10 Civ. 8820 (LTS)(THK)

VITAMIN SHOPPE INDUSTRIES INC., et al.,

        Defendants.
--------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 JUL 2011
```

## ORDER ON PLAINTIFF'S MOTION
## TO APPROVE COLLECTIVE ACTION NOTICE

       THIS MATTER came on before the Court on Plaintiff's Motion for Approval of Collective Action Notice and related relief, and the Court, having reviewed the said motion, the responses and replies thereto, if any, and the case file herein, and for the reasons set forth in the Memorandum Opinion entered here with,

       HEREBY ORDERS that Plaintiff's Motion is GRANTED in part, and FURTHER ORDERS that

       1.     The collective action notice entitled "NOTICE OF LAWSUIT AND OPPORTUNITY TO JOIN" and attached hereto as Exhibit A is hereby approved (with such changes as are necessary to conform to the class definition set forth in the following paragraph and the further corrections noted in the attachment) for mailing to potential plaintiffs;

       2.     The collective class of potential plaintiffs in this matter shall consist of all current and former employees of Defendants who are or were formerly employed by Defendant as clerks with the title "Store Manager" at Vitamin Shoppe retail stores located at (1) 20-86 Broadway, New York, NY 10023, (2) 57th Street and Lexington, New York, NY, (3) 32 Court Street, Brooklyn, NY 11201, (4) 651 W. 181 Street, New York, NY 10033, (5) 215 W. 92nd Street, New York, NY 10025, (6) 2261 Broadway, New York, NY 10024, and (7) 56th Street and Lexington Ave., New York, NY at any time from November 22, 2007 to the date of the filing of the complaint in this action, who were non-exempt employees within meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek; and

       3.     Defendants shall provide to Plaintiffs the names and last known addresses of all potential plaintiffs (i.e., all Vitamin Shoppe Industries Inc. or similar employees

employed at any of the stores enumerated in the preceding paragraph within the three-year period prior to November 22, 2010, the date of the Complaint) no later than seven (7) business days after the date of this Order. This information shall be supplied in paper form, and also digitally in one of the following formats: Microsoft Excel; Microsoft Word; or Corel WordPerfect; and

4. Plaintiffs shall mail the notice of collective action to all potential plaintiffs no later than twenty-one (21) days following the defendant's disclosure of their names and last-known addresses; and

5. If any notice to any potential plaintiff is returned as undeliverable, Plaintiffs' counsel is permitted to mail the notice to such potential plaintiff again at any other address he may determine is appropriate; and

6. All potential plaintiffs must opt-in no later than sixty-five (65) days following the date of mailing of the collective action notice, by returning the executed form entitled "Consent to Become Party Plaintiff" to Plaintiffs' counsel no later than sixty-five (65) days from the date of mailing. Plaintiffs' counsel shall thereupon promptly file such executed consents with the Court and serve copies thereof on other counsel of record.

The motion is denied in all other respects. This Order resolves docket entry no. 16.

Dated: New York, New York
July 11, 2011

LAURA TAYLOR SWAIN
United States District Judge

**William C. Rand, Esq.** (WR-7685)    **EXHIBIT A**
LAW OFFICE OF WILLIAM COUDERT RAND
228 East 45th Street, 17th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax) (646) 688-3078
Co-counsel
**Jeffrey M. Gottlieb, Esq.** (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JULIO VASQUEZ, Individually and on Behalf    :   ECF
of All Other Persons Similarly Situated,     :
                                             :   10 Civ. 8820 (LTS)(THK)
                    Plaintiffs,              :
                                             :
        -against-                             :
                                             :
VITAMIN SHOPPE INDUSTRIES INC.,              :
and JOHN DOES #1-10,                         :
                                             :
                                             :
                    Defendants.              :
-----------------------------------------------------------------------X

### NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

**FROM:**   **WILLIAM C. RAND-Attorney for Plaintiffs**
            **Law Office of William Coudert Rand**
            **228 East 45th Street, 17th Floor, New York, N.Y. 10017**
            **(212) 286-1425**

**TO:**     **Current and former employees of Defendant VITAMIN SHOPPE INDUSTRIES INC., who are or were employed by Defendant as clerks with the title "Store Manager" at any time since November 22, 2007 until the entry of judgment in this case**

**RE:**     **Fair Labor Standards Act Lawsuit filed against Defendant(s) seeking payment of premium wages for overtime work**

1

I.  **INTRODUCTION**

The purpose of this notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit. The Lawsuit at issue was filed on November 22, 2010, against defendants VITAMIN SHOPPE INDUSTRIES INC., and JOHN DOES #1-10 in the United States District Court for the Southern District of New York. The Plaintiff alleges that the defendants violated the Federal Fair Labor Standards Act ("FLSA") by misclassifying clerks with the title "Store Manager" as exempt from overtime under the FLSA and not paying such employees time and one-half, or overtime compensation, for all hours worked in excess of 40 hours per week. The lawsuit is seeking back pay and double liquidated damages from the defendants, as well as costs and attorney's fees to compensate such eligible employees. The Defendants deny the Plaintiff's allegations, and deny that they are liable to the Plaintiff for any of the back pay, damages, costs or attorneys' fees sought.

II. **COMPOSITION OF THE COLLECTIVE ACTION CLASS**

The named Plaintiff seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Specifically, under the federal law, the Plaintiff seeks to sue on behalf of any and all **persons who are or were formerly employed by Defendant as clerks with the title "Store Manager" at any time since November 22, 2007 to the entry of judgment in this case, who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek.**

[handwritten: Revise per Order]

III. **YOUR RIGHT TO PARTICIPATE IN THE LITIGATION**

If you fit within the definition above, you may join this case (that is, you may "opt-in"). by completing and mailing the attached "Consent to Become Party Plaintiff" form to Plaintiffs' counsel at the following address:

> **PLAINTIFFS' COUNSEL**
> William C. Rand, Esq.
> LAW OFFICE OF WILLIAM COUDERT RAND
> 228 East 45th Street, 17th Floor
> New York, New York 10017
> Telephone: (212) 286-1425; Facsimile: (646) 688-3078
> E-mail: wcrand@wcrand.com

The form must be sent to Plaintiffs' counsel ~~in sufficient time to have Plaintiffs' counsel file~~ by it ~~with the federal court on or before the date that is 65 days from~~ _____ [Insert the date 65 days after the date of mailing of the notice]  If you fail to return the Consent to Become Party Plaintiff form to the Plaintiffs' counsel ~~in time for it to be filed with the federal court~~ on or before the above deadline, you may not be able to participate in this lawsuit.

## IV. **EFFECT OF JOINING THIS ACTION**

If you choose to join in this case, you will be bound by the Judgment, whether it is favorable or unfavorable.

The attorney for the class plaintiffs is being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorney for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. If you sign and return the Consent to Become Party Plaintiff form attached to this Notice, you are agreeing to designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit. However, the Court has retained jurisdiction to determine the reasonableness of any contingency agreement entered into by the Plaintiff with counsel, and to determine the adequacy of the plaintiffs' counsel.

Furthermore, you can join this lawsuit by counsel of your own choosing. If you do so, your attorney must file an "opt-in" consent form with the federal court by _____ [insert date that is 65 days from date of notice mailing].

## V. **TO STAY OUT OF THE LAWSUIT**

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the federal claims portion of this case in any way and will not be bound by or affected by the result (whether favorable or unfavorable). Your decision not to join this case will not affect your right to bring a similar case on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was "willful," in which case the claim must be brought within 3 years.

## VI. **NO RETALIATION PERMITTED**

Federal law prohibits Defendants from discharging or in any other manner discriminating or retaliating against you because you "opt-in" to this case, or have in any other way exercised your rights under the Fair Labor Standards Act. You may also be held liable for costs associated with this lawsuit, and for potential counterclaims that could be asserted against you by the Defendants.

3

### VII. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, and agree to be represented by the named Plaintiff through his attorney, your counsel in this action will be:

> William C. Rand, Esq.
> LAW OFFICE OF WILLIAM COUDERT RAND
> 228 East 45th Street, 17th Floor
> New York, New York 10017
> Telephone: (212) 286-1425
> Co-counsel
> Jeffrey M. Gottlieb, Esq. (JG-7905)
> Dana L. Gottlieb, Esq. (DG-6151)
> GOTTLIEB & ASSOCIATES
> 150 East 18th Street, Suite PHR
> New York, New York 10003
> Tel: (212) 228-9795

### VIII. COUNSEL FOR DEFENDANTS

The counsel for Defendants is:

> Gary D. Shapiro, Esq.
> LITTLER MENDELSON, P.C.
> 900 Third Avenue
> New York, NY 10022
> Phone: (212) 583-9600; Fax: (212) 832-2719

### IX. FURTHER INFORMATION

Further information about this Notice, the deadline for filing a Consent to Become Party Plaintiff, or answers to questions concerning this lawsuit may be obtained by writing or phoning the Plaintiffs' counsel at the telephone number and address stated in Paragraph 6 above.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, HONORABLE JUDGE LAURA TAYLOR SWAIN. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES.

DATED: _____, 2011

[handwritten annotation: VII]